IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENI MEYER,

    Plaintiff,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 13-03727 WHA

**ORDER RE DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO REMAND**

**INTRODUCTION**

In this foreclosure action, defendant moves to dismiss the complaint for failure to state a claim and preemption. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

Plaintiff Keni Meyer executed a promissory note in 2007, which was secured by a deed of trust, to obtain a home refinance loan from defendant Wells Fargo Bank, N.A.'s predecessor, World Savings Bank, FSB. In March 2010, plaintiff defaulted on her loan after experiencing economic hardship and requested mortgage assistance from defendant. Plaintiff alleges that defendant engaged in "dual-tracking" by initiating foreclosure proceedings while promising to

evaluate her request for a loan modification.  In fact, plaintiff states that defendant sent her a letter regarding a mortgage modification review as late as April 3, 2013.

According to plaintiff, defendant never concluded its loan modification review.  After promising plaintiff that foreclosure proceedings would not be initiated while reviewing her loan modification request, defendant recorded several notices of default and trustee sale.  The most recent notice was recorded on April 8, 2013, noticing a May 1, 2013 sale (Compl ¶¶ 12–13, 28, 31, 33–27, 39, 40).  Just before the sale date, plaintiff filed for bankruptcy protection under Chapter 7 (RJN, Exh. K).  According to the bankruptcy petition, plaintiff does not reside at the subject property.  Plaintiff failed to pursue the bankruptcy action, so the bankruptcy trustee filed a report of no distribution and abandoned all assets of the bankruptcy estate (Br. at 1, Dkt. No. 34).

Plaintiff filed this action in the Sonoma County Superior Court on July 1, 2013, alleging (1) breach of contract, (2) fraud, (3) promissory estoppel, (4) negligence, (5) negligent misrepresentation, (6) violation of California's Unfair Competition Law ("UCL"), Section 17200 of the California Business and Professions Code, and (7–8) violations of Sections 2923.6 and 2923.7 of the California Civil Code.  Following removal, defendants moved to dismiss the action for failure to state a claim and preemption.  In response, plaintiff moved to remand the action back to state court for lack of federal subject-matter jurisdiction.

This order follows full briefing and oral argument.  For the reasons stated below, plaintiff's motion to remand is **DENIED**.  Defendant's motion to dismiss is **GRANTED.**

**ANALYSIS**

**1.    PLAINTIFF'S MOTION TO REMAND.**

As a threshold matter, plaintiff argues that removal was improper because there is no federal subject-matter jurisdiction.  In her motion to remand, plaintiff admits to being a citizen of the state of California (Br. at 6).  She alleges, however, that defendant Wells Fargo "is headquartered and has a its principal place of business in [San Francisco]," which violates the rule of complete diversity for diversity jurisdiction (*ibid*.).  Defendant argues in its opposition,

2

however, that its articles of association designate South Dakota as its headquarters (Opp. at 6). Moreover, it argues that its principal place of business is not relevant for diversity jurisdiction.

Under 28 U.S.C. 1348, all national banking associations are "deemed citizens of the States in which they are respectively located." In *Schmidt*, the United States Supreme Court interpreted Section 1348 to mean that a national banking association is a citizen of the state where its articles of association designate its "main office," as opposed to being a citizen of every state in which it has a branch office. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 313-14 (2006). The undersigned judge is quite aware that Wells Fargo's *actual* main office is in San Francisco, rather than in South Dakota. This is a well-known fact. Nonetheless, the undersigned judge is obligated to follow the holding of the United States Supreme Court, which requires this order to identify Wells Fargo's main office as the one designated by its articles of association. *Id.* at 318. In its articles of association, Wells Fargo designates its main office as the one located in "the City of Sioux Falls, County of Minnehaha, State of South Dakota" (Notice of Removal, Exh. D at 1).

While *Schmidt* did not actually decide whether a bank's principal place of business should be relied on to determine diversity jurisdiction, the Supreme Court explicitly noted that national banking associations do not fall under Section 1332, which relies on the principal place of business test. *Id.* at 317 n.9. While our court of appeals has not addressed the issue since *Schmidt*, a majority of judges in this district, including the undersigned judge, have determined that for purposes of diversity jurisdiction, defendant Wells Fargo is a citizen of only South Dakota, the state in which its main office is located under its articles of association, and not California, where it has its principal place of business. *See*, *e.g., Schmidt v. Wells Fargo Bank, N.A.*, No. 13-1509, 2013 U.S. Dist. LEXIS 87696, at *5 (N.D. Cal. June 21, 2013); *Marquez v. Wells Fargo Bank, N.A.*, No. 13-2819, 2013 U.S. Dist. LEXIS 131364, at *3–4 (N.D. Cal. Sep. 13, 2013) (Judge Phyllis Hamilton)*; Tse v. Wells Fargo Bank, N.A.*, No. 10-4441, 2011 U.S. Dist. LEXIS 6796, at *2–8 (N.D. Cal. Jan. 19, 2011) (Judge Thelton Henderson); *Atienza v. Wells Fargo Bank, N.A.*, No. 10–3457, 2011 U.S. Dist. LEXIS 1738, at *3 (N.D. Cal. Jan. 4, 2011) (Judge Richard Seeborg); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1122

(N.D. Cal. 2010) (Judge Jeremy Fogel).  The small minority of decisions in this district that apply the principal place of business test rely on *American Surety Co. v. Bank of Cal.*, 133 F.2d 160 (9th Cir. 1943), a Ninth Circuit decision that pre-dates *Schmidt*.  *See, e.g., Vargas v. Wells Fargo Bank N.A.*, No. 12-2008, 2013 U.S. Dist. LEXIS 113530, at *1 (N.D. Cal. Aug. 12, 2013) (Judge Jon Tigar); *Martinez v. Wells Fargo Bank*, No. 12-6006, 2013 U.S. Dist. LEXIS 72075, at *6–22 (Judge Edward Chen).  Absent binding authority from our court of appeals, this order holds that Wells Fargo is a citizen of only South Dakota.  Thus, plaintiff and defendant are completely diverse for the purposes of diversity jurisdiction.

Moreover, the amount in controversy exceeds the $75,000 threshold required for diversity jurisdiction.  In her complaint, plaintiff seeks a "disgorgement of all funds taken from Plaintiff and any profits thereafter derived through use of such funds" (Compl. at 32).  Plaintiff admits to making monthly mortgage payments of $2,932 to defendant for 28 months (*id.* ¶¶ 28, 30).  Thus, plaintiff is seeking at least $82,096 in this action.  Therefore, diversity jurisdiction exists in this action and plaintiff's motion to remand is **DENIED**.

**2.    DEFENDANT'S MOTION TO DISMISS.**

To survive a motion to dismiss for failure to state a claim, a pleading must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).  A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged.  While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* at 1949-50.

Defendant makes a number of arguments in support of its motion to dismiss.  This order will address each in turn.

**A.    Breach of Third-Party Contract.**

Plaintiff alleges that she is a third-party beneficiary to the "contract that Wells Fargo made with the U.S. Department of Treasury . . ." and that "Wells Fargo unjustifiably and inexcusably breached the Contract (SPA and HAMP) by failing to perform their obligations thereunder . . . ." (Compl. ¶ 49).

4

For a third party to be able to recover on a contract, it must be able to show that the contract was made with the "express or implied intention of the parties to the contract to benefit the third party." *Klamath v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999). While our court of appeals has not yet addressed this question, courts in this district have held that a borrower does not have standing to sue, as intended third-party beneficiaries, its lender for violation of the lender's HAMP agreement with the United States. *Wright v. Bank of Am., N.A.*, No. 10-1723, 2010 U.S. Dist. LEXIS 73807, at 9–15 (N.D. Cal. July 22, 2010) (Judge Jeremy Fogel); *Flores v. Wells Fargo Bank, N.A.*, No. 11-6619, 2012 U.S. Dist. LEXIS 88418, at *12–13 (N.D. Cal. June 26, 2012) (Magistrate Judge Jacqueline Scott Corley); *Kennedy v. Bank of Am., N.A.*, No. 12-952, 2012 U.S. Dist. LEXIS 93943, at *14–15 (N.D. Cal. July 6, 2012) (Judge Yvonne Gonzales Rogers), *Hoffman v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 70455, at *8–9 (N.D. Cal. June 30, 2010) (Judge Susan Illston) (summarizing cases). Thus, plaintiff's breach of contract claim is **DENIED WITH PREJUDICE.**

### B. Preemption.

Defendant argues that all of plaintiff's claims for relief are preempted by the Homeowners Loan Act of 1933 ("HOLA"), 12 U.S.C. 1461, and its implementing regulations. Federal savings banks are subject to HOLA and regulated by the Office of Thrift Supervision ("OTS"). *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). While Wells Fargo is not a federally-chartered institution, original lender as indicated on the deed of trust was World Savings Bank, FSB and "its successors and/or assignees" (RJN Exh. B). World Savings Bank was a federally-chartered institution under HOLA (*ibid.*). While our court of appeals has not yet reached this issue, courts in this district have held that a successor entity may properly assert HOLA preemption even if the successor entity is not a federally-chartered savings bank. *See, e.g., Appling v. Wachovia Mortg.*, FSB, 745 F. Supp. 2d 961, 971 (N.D. Cal. 2010) (Judge Lucy Koh); *Castillo v. Wachovia Mortgage*, No. 12-101, 2012 U.S. Dist. LEXIS 50926, at *11–12 (N.D. Cal. April 11, 2012) (Judge Edward Chen); *Parmer v. Wachovia*, No. 11-672, 2011 U.S. Dist. LEXIS 43866, at *1–2 (N.D. Cal. April 22, 2011) (Judge Phyllis Hamilton); *Yong Chull Kim v. Wells Fargo Bank, N.A.*, No. 12-2066, 2012 U.S. Dist. LEXIS 108596, at

5

\*3–4 (N.D. Cal. Aug. 2, 2012) (Judge Edward Davila). Thus, defendant Wells Fargo may assert HOLA preemption.

OTS enumerates certain types of state laws that are preempted, including "state laws purporting to impose requirements regarding . . . processing, origination, servicing sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. 560.2(b)(10). If the state law is one of the enumerated types, "the analysis will end there; the law is preempted." *Silvas*, 514 F.3d at 1005. If it is not, then the court is to determine "whether the law affects lending." *Ibid*. (internal quotation marks omitted).

This does not mean, however, that HOLA completely preempts all state laws that might have some effect on federal savings banks. Section 560.2(c) includes a savings clause that lists specific types of state laws, including contract and tort, which are not subject to preemption "to the extent that they only incidentally affect the lending operations of Federal savings associations." Thus, certain claims of express deception and breach of contract may survive preemption under HOLA. *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 555-57 (9th Cir. 2010). Previous orders by the undersigned judge have held that HOLA may not preempt claims involving state laws that only incidentally affected lending operations, such as "state-law contract claims [which] . . . challeng[e] [a] defendant's general conduct of stalling, avoiding . . . requests and refusing to accept payments, [and] not the substance of its lending practices such as terms of credit, disclosures, or advertising[,]" *Avila v. Wells Fargo Bank*, No. 12-1237, 2012 U.S. Dist. LEXIS 100522, at \*31-32 (N.D. Cal. July 19, 2012), or claims involving "laws against fraud and unfair business practices [which] apply broadly to all businesses and their practices," *Rodriguez v. U.S. Bank Nat'l Ass'n*, No. 12-0989, 2012 U.S. Dist. LEXIS 77228, at \*21-22 (N.D. Cal. June 4, 2012).

Plaintiff admits in her complaint and opposition to defendant's motion to dismiss that Sections 2923.5, 2923.6 and 2923.7 of the California Civil Code all impose new statutory requirements upon lenders (Compl ¶¶ 59–64, Opp. at 11-14). These claims all fall clearly within the ambit of Section 560.2(b)(10) concerning the processing and servicing of mortgages and are therefore preempted by HOLA. *See Capodiece v. Wells Fargo Bank*, No. 13-32, 2013 U.S. Dist.

6

1  LEXIS 67174, at *11-12 (N.D. Cal. May 10, 2013).  Thus, plaintiff's claims under Sections
2  2923.5, 2923.6 and 2923.7 of the California Civil Code are **DISMISSED WITH PREJUDICE**.

On the other hand, plaintiff's claims for fraud, promissory estoppel, negligence, negligent misrepresentation, and violations of California's UCL are not preempted by HOLA because "the only 'requirement' they impose on federal savings banks is that they be held responsible for the statements they make to their borrowers.[*]  If these causes of action were preempted, federal savings associations would be free to lie to their customers with impunity." *Rumbaua v. Wells Fargo Bank, N.A.*, No. 11-1198, 2011 U.S. Dist. LEXIS 95533, at *16–18 (N.D. Cal. August 25, 2011) (Judge Samuel Conti); *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-1390, 2011 U.S. Dist. LEXIS 8296, at *10–20 (N.D. Cal. Jan. 28, 2011).  Moreover, HOLA explicitly does not preempt claims based in contract law, tort law, or only 'has only an incidental effect on lending operations . . . ." 12 C.F.R. 560.2(c).

Here, plaintiff alleges that Wells Fargo falsely represented that it would complete a loan modification agreement and that no foreclosure sale would occur while the loan modification was pending (Compl. ¶¶ 56, 68–69, 72, 78, 84).  Thus, in so far as plaintiff's claims relies on the general duty not to misrepresent material facts when doing business with borrowers or any other persons, they are not preempted by HOLA.

### C. Constructive Fraud, Negligent Misrepresentation, and Negligence.

Defendant argues that plaintiff's claims for constructive fraud, negligent misrepresentation, and negligence fail because plaintiff has not established the existence of a fiduciary relationship between them as required by California law.  "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . . Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark v. Heart Fed.*

---

[*] Plaintiff's UCL claim is based in part on violations of Section 2923 of the California Civil Code.  As the statute would impose additional requirements on defendant in the mortgage process, the UCL claim is dismissed as preempted to the extent that it depends on those statutes.  *See Giordano v. Wachovia Mortg., FSB*, No. 10-04661, 2010 WL 5148428, at *4 (N.D. Cal. Dec. 14, 2010).

7

*Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991) (citations and quotation marks omitted). This order agrees. While the undersigned judge has found that a financial institution actively participates in the financed enterprise beyond the domain of the usual money lender when it offers borrowers a loan modification and a trial period plan, such is not the case here. *See Ansanelli v. JP Morgan Chase Bank, N.A.*, 10-03892, 2011 U.S. Dist. LEXIS 32350, at *11 (N.D. Cal. Mar. 28, 2011); *Avila v. Wells Fargo Bank*, No. 12-1237, 2012 U.S. Dist. LEXIS 100522, at *35–37 (N.D. Cal. July 19, 2012). Unlike defendants in *Ansanelli* and *Avila*, defendant Wells Fargo has not yet offered plaintiff a loan modification. More importantly, defendant has not engaged in a trial period plan that might suggest active participation in the financed enterprise beyond the role of a usual money lender.

The vast majority of courts in this district have found that merely *engaging* in the loan modification process is a traditional money lending activity. *See*, *e.g., DeLeon v. Wells Fargo Bank, N.A.*, No. 10-1390, 2011 U.S. Dist. LEXIS 8296 (N.D. Cal. Jan. 28, 2011) (Judge Lucy Koh); *Ottolini v. Bank of America*, No. 11-447, 2011 U.S. Dist. LEXIS 92900, at *14–20 (N.D. Cal. Aug. 19, 2011) (Judge Edward Chen); *Morgan v. U.S. Bank Nat'l Ass'n*, 2013 WL 684932, at *3 (N.D. Cal. Feb. 25, 2013) (Judge Charles Breyer); *Armstrong v. Chevy Chase Bank, FSB*, No. 11-5664, 2012 U.S. Dist. LEXIS 144125, at *10–13 (N.D. Cal. Oct. 3, 2012) (Judge Edward Davila); *accord Aspiras v. Wells Fargo Bank, N.A.*, 219 Cal.App.4th 948, 963–65 (2013). So too here. Thus, plaintiff has failed to show that defendant has a fiduciary duty to her and her claims for constructive fraud, negligent misrepresentation, and negligence are **DENIED WITH LEAVE TO AMEND.**

### D. Promissory Estoppel.

Plaintiff's promissory estoppel claim is based on the alleged promise that a modification would be forthcoming after evaluation of her submitted documents (Compl. ¶ 69). She allegedly relied on defendant's promise in not "seeking remedies elsewhere [or] offering obstacles to foreclosure" (*id.*). A claim for promissory estoppel requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise was made; (3) that the reliance be

8

1  reasonable and foreseeable; and (4) injury caused by the reliance. *Laks v. Coast Fed. Sav. &
2  Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).

3  Here, plaintiff has failed to show reliance. Plaintiff claims that she relied on defendant's
4  promise when she failed to seek other remedies and did not offer obstacles to foreclosure, but she
5  fails to note in any of her briefs that she successfully prevented defendant from completing
6  foreclosure proceedings on her house by filing for bankruptcy (RJN Exh. K). Thus, plaintiff
7  sought other remedies to her adverse economic situation *and* successfully prevented defendants
8  from foreclosing on her house. She has not identified any other reasonable remedy that she
9  could have pursued but for her reliance on defendant's alleged promise. Thus, plaintiff's
10 promissory estoppel claim is **DENIED WITH LEAVE TO AMEND.**

**E.     Section 17200 of the Business and Professions Code.**

A violation of another law is a predicate for stating a claim for relief under [California's UCL]." *Berryman v. Merit Prop. Mgmt., Inc.,* 152 Cal. App. 4th 1544, 1554 (1999). Plaintiff admits that her UCL claim "stands or falls depending on the face of antecedent substantive causes of action" (Compl. ¶ 82). As all of plaintiff's other claims for relief have been dismissed, plaintiff's UCL claim has no legs on which to stand and is therefore **DISMISSED WITH LEAVE TO AMEND.**

**3.     DEFENDANT'S UNOPPOSED MOTION FOR JUDICIAL NOTICE.**

FRE 201 provides, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Plaintiff has not objected to defendant's motion for judicial notice. Moreover, all documents that defendant seeks to judicially notice are part of the public record and therefore easily verifiable. Thus, exhibits A–K to defendant's request for judicial notice are hereby **JUDICIALLY NOTICED.**

**CONCLUSION**

For the reasons stated above, plaintiff's motion for remand is **DENIED**. Defendant's motion to dismiss is **GRANTED**. Plaintiff will have until **DECEMBER 26, 2013, AT NOON,** to file

9

1  a motion, noticed on the normal 35-day calender, for leave to amend her claims for constructive
2  fraud, negligent misrepresentation, negligence, promissory estoppel, and violation of
3  California's UCL.  A proposed amended complaint must be appended to this motion.  Plaintiff
4  must plead her best case.  The motion should clearly explain how the amended complaint cures
5  the deficiencies identified herein, and should include as an exhibit a redlined or highlighted
6  version identifying all changes.

**IT IS SO ORDERED.**

Dated:  December 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE