**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENI MEYER,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.

No. C 13-03727

**ORDER DENYING MOTION TO FILE SECOND AMENDED COMPLAINT**

## INTRODUCTION

In this foreclosure action, plaintiff moves for leave to file her second amended complaint. For the reasons stated below, plaintiff's motion is **DENIED** and the February 20 hearing is **VACATED.**

## STATEMENT

The facts of this case are set out more fully in the order of December 6. In brief, plaintiff Keni Meyer refinanced her home in 2007 with World Savings Bank, FSB, the predecessor of defendant Wells Fargo Bank, N.A. Plaintiff endured economic hardship following the recent recession, defaulted on her loan in March 2010, and applied for a loan modification. Wells Fargo never extended a loan modification, despite an alleged oral promise to do so. Although the lack of clarity in plaintiff's proposed second amended complaint makes it impossible to say exactly when it occurred, plaintiff alleges that representatives of Wells

Fargo promised (1) that a loan modification was forthcoming, and (2) that her home would not be foreclosed on during the review process:

> Numerous WELLS FARGO employees, including Christopher L Heil, the assigned Home preservation Specialist to her file, promised plaintiff that during the review process, her loan would not be referred to foreclosure, and that based upon her submitted income records-a modified payment would be offered, it was just a matter of time until Wells Fargo's review proved exactly how much of a decreased payment would be offered . . . Later, in 2012, Wells Fargo employees promised mortgage assistance would be delivered because Plaintiff's numerous submission proved her hardship was over and she could afford to make a reasonable payment

(Dkt. No. 52 at 12-13). Plaintiff also alleges that Wells Fargo sent a letter requesting information relevant to her loan modification review as late as April 3, 2013. The trustee, NDEx West, LLC, noticed two foreclosure sales — one in 2012, which never occurred, and another for May 2013. Plaintiff filed for bankruptcy on May 1, 2013, successfully preventing the sale. To date, plaintiff's home has not been sold, and Wells Fargo asserts that her bankruptcy claim was dismissed without discharge.

Plaintiff filed this action in Sonoma County Superior Court in July 2013. After it was removed on grounds of diversity, plaintiff amended her complaint to allege breach of contract, fraud, promissory estoppel, negligence, negligent misrepresentation, violation of California's Unfair Competition Law, Section 17200 of the California Business and Professions Code, and violations of Sections 2923.6 and 2923.7 of the California Civil Code. Wells Fargo moved to dismiss for failure to state a claim under FRCP 12(b)(6). The order of December 6, 2013, granted the motion to dismiss, finding that plaintiff, *inter alia*, failed to establish a duty of care for her negligence claims and failed to allege facts demonstrating detrimental reliance for her estoppel claim. The order gave plaintiff leave to cure her claims for (1) fraud, (2) negligence, (3) negligent misrepresentation, (4) promissory estoppel, and (5) violation of California's UCL.

This order notes that plaintiff's proposed second amended complaint is deficient. No redlined version is appended as required by the previous order. Plaintiff — who is not proceeding *pro se*, but is represented by counsel — also ignored the December 6 order by failing to address how she has cured the defects of the amended complaint. Instead, the proposed

second amended complaint is identical in every way to the amended complaint, aside from the redaction of the dismissed causes of action and the addition of a few scattered, hastily composed sentences.

## ANALYSIS

Leave to amend a complaint under FRCP 15(a)(2) should be freely given when justice so requires, but may be denied if the proposed amendment is futile; an amendment is futile if it would be subject to dismissal for failure to state a claim. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094-95 (9th Cir. 2010). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

Plaintiff's second amended complaint fails to successfully plead sufficient facts to establish a duty of care or detrimental reliance. None of her causes of action would survive a motion to dismiss; therefore, plaintiff's amendment is futile and is **DENIED**.

**1. DUTY IS NOT ESTABLISHED FOR CONSTRUCTIVE FRAUD, NEGLIGENT MISREPRESENTATION, AND NEGLIGENCE CLAIMS.**

As discussed in the December 6 order, the validity of plaintiff's claims for constructive fraud, negligent misrepresentation, and negligence rest on establishing a duty of care toward plaintiff.

> "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money . . . . Liability to a borrower for negligence arises only when the lender actively participates in the financed enterprise beyond the domain of the usual money lender."

*Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991). Judges in this district have come to divergent conclusions as to whether loan modifications are a traditional lending activity; our court of appeals has not addressed the issue. *See Avila v. Wells Fargo Bank*, No. 12-1237, 2012 U.S. Dist. LEXIS 100522, at *35-37 (N.D. Cal. July 19, 2012)*;  Armstrong v. Chevy Chase Bank, FSB*, No. 11-5664, 2012 U.S. Dist. LEXIS 144125, at *10-13

3

1   (N.D. Cal. Oct. 3, 2012) (Judge Edward Davila); *Ottolini v. Bank of America*, No. 11-447, 2011

2   U.S. Dist. LEXIS 92900, at *14-20 (N.D. Cal. Aug. 19, 2011) (Judge Edward Chen).  Previous

3   decisions by the undersigned judge have found that a financial institution went "beyond its role

4   as a silent lender and loan servicer to offer an opportunity to plaintiffs for loan modification and

5   to engage with them concerning the trial period plan," and that such active participation created

6   a sufficient duty of care to proceed on a cause of action for negligence.  *Ansanelli v. JP Morgan*

7   *Chase Bank, N.A.*, 10-03892, 2011 U.S. Dist. LEXIS 32350, at *11 (N.D. Cal. Mar. 28, 2011).

   As the December 6 order made clear, the factual allegations set forth in plaintiff's first amended complaint are insufficient to establish a duty of care.  Simply *engaging* in the process of loan modification is a traditional money lending activity.  In her proposed second amended complaint, plaintiff asserts Wells Fargo promised her that she would receive an offer for a loan modification:

> Numerous WELLS FARGO employees, including Christopher L Heil, the assigned Home preservation Specialist to her file, promised plaintiff that during the review process, her loan would not be referred to foreclosure, and that . . . . a modified payment would be offered . . . Later, in 2012, Wells Fargo employees promised mortgage assistance would be delivered

(Dkt. No. 52 at 12-13).  A promise that a loan modification is forthcoming might be found to establish a duty of care.  This order does not make such a finding, however, because plaintiff's allegations do not meet the heightened pleading requirements set out in FRCP 9(b).

Our court of appeals has determined that when alleging fraud or mistake, plaintiffs must provide "the who, what, when, where, and how of the misconduct charged" to satisfy the particularity requirements of FRCP 9(b).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quotations omitted).  Plaintiff offers no other valid means by which she can establish a duty of care aside from Wells Fargo's alleged misrepresentation that a loan modification was imminent.  Establishing this duty is necessary to her claims for constructive fraud, negligent misrepresentation, and negligence.

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct.  In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.

4

> In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).

*Vess,* 317 F.3d at 1103-04. Though not all of plaintiff's claims trigger heightened pleading in themselves, the underlying misrepresentation "sounds in fraud." Fraud does not necessarily involve intent or knowledge. Constructive fraud requires only "an act, omission, or concealment" resulting in detrimental reliance, and it triggers heightened pleading under FRCP 9(b). *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F.Supp.2d 1009, 1021 (N.D. Cal. 2007) (Judge Jeffrey White).

Though it includes one named employee, plaintiff's allegations that "numerous" people represented that Wells Fargo would offer a loan modification does not satisfy the question of who made the alleged misrepresentation. Plaintiff provides no concrete facts regarding when it occurred, other than implicating that it was sometime in the year 2012. The complaint also does not clearly state where defendant's representatives made the purported promise (or promises) — by phone, over email, or in person.

When particular allegations of fraud are insufficiently pled, they must be stripped from the complaint. *Vess* at 1105. A duty that might otherwise be established by this alleged misrepresentation is the only legally cognizable foundation for purported damages spanning several years, and falls far short of meeting the pleading standard set out by FRCP 9(b). A claim may be dismissed for failure to state a claim, subsequent to the removal of the insufficiently pled allegations. *Id* at 1107. Because plaintiff's proposed second amended complaint again fails to establish a duty of care, once it has been stripped of the alleged misrepresentations insufficiently pled under 9(b), her amended claims for constructive fraud, negligent misrepresentation, and negligence would not survive a motion to dismiss.

### 2. DETRIMENTAL RELIANCE IS NOT ESTABLISHED FOR PROMISSORY ESTOPPEL CLAIMS.

To state valid causes of action for promissory estoppel, plaintiff must allege facts demonstrating that she relied on Wells Fargo's representations to her detriment. *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976). Plaintiff's proposed complaint alleges that she relied to her detriment on a promise by Wells Fargo by (1) accumulating arrears

5

1 and (2) failing to seek alternate remedies to halt her foreclosure. The proposed complaint fails,
2 however, to allege sufficient facts for her cause of action for promissory estoppel to survive a
3 motion to dismiss.

### A. Arrears.

Plaintiff alleges that she "relied on the misrepresentations of WELLS FARGO to her detriment such that over three years' worth of arrears accumulated from March 2010 to the present, while she waited for the promised loan modification." Plaintiff's statement that she relied on Wells Fargo while arrears accumulated is a bare assertion. Stating that plaintiff "relied" is not enough; plaintiff must allege *how* she changed course based on the alleged misrepresentations, and how the change *harmed* her.

Plaintiff fails to allege facts showing either reliance or detrimental effect. For instance, plaintiff does not allege that she would have resumed payments on her loan absent promises for a modification. In her bankruptcy application, plaintiff listed her average monthly income as a dog agility trainer as $1,800 and her average monthly expenses as $1,730, leaving little room for even a substantially reduced mortgage payment (RJN Exh. K). Plaintiff reported her income for 2011 and 2012 as $7,000 each year. Plaintiff also does not allege that the failure to resume payments led to foreclosure on her home: thanks to her bankruptcy application, plaintiff's home was never foreclosed upon.

### B. Alternate Remedies or Obstacles to Foreclosure.

Plaintiff also asserts that Wells Fargo "intended that their promise that a modification would be forthcoming be the inducement to keep Plaintiff from seeking remedies elsewhere and from offering obstacles to foreclosure. . . . Plaintiff followed Wells Fargo's representation and promises and 'put all their eggs in the Wells Fargo basket'" (Dkt. No. 52 at 22). There is no explanation of how defendant's promise led plaintiff to put (or leave) her eggs in Wells Fargo's basket. Plaintiff also fails to explain how doing so has injured her. As noted in the December 6 order, if plaintiff had specific remedies or "obstacles to foreclosure" she chose not to employ, she does not allege them, and regardless of what those obstacles might have been, she did not go into foreclosure. Plaintiff also fails in her proposed complaint to show how the measures she did

6

take in response to the alleged promise by Wells Fargo, including "consistently submitting all requested documents and new applications" were to her disadvantage or detriment in any way, as there has been no foreclosure (Dkt. No. 52 at 20).

Not only does this order find that the proposed second amended complaint fails to show the detrimental reliance necessary for plaintiff's promissory estoppel claim, it similarly fails to show reliance as to plaintiff's claims for constructive fraud and negligent misrepresentation. All of the above claims would be subject to dismissal on this basis alone.

### 3. SECTION 17200 OF THE BUSINESS AND PROFESSIONS CODE.

As noted in the December 6 order, plaintiff's cause of action under California's UCL cannot stand without an alleged violation of some other law. *Berryman v. Merit Prop. Mgm., Inc.*, 152 Cal. App. 4th 1544, 1554 (1999). As plaintiff has not successfully pled another other cause of action, her UCL claim cannot be revived.

### CONCLUSION

Plaintiff's has shown that she is again unable to allege sufficient facts to give rise to plausible claims for constructive fraud, negligent misrepresentation, promissory estoppel, or negligence. The proposed amendments to her claim would not enable it to survive a motion to dismiss, and therefore are futile. For the reasons stated, plaintiff's motion for leave to file a second amended complaint is **DENIED.** The February 20 hearing is **VACATED**. No further efforts at pleading will be allowed. This case is now over at the district court level. Please pay attention to the appeal deadlines.

**IT IS SO ORDERED.**

Dated: February 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7